UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-CR-98 RLW |
| JONATHAN JAMAR DICKERSON, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the United States of America's motion for an order, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), authorizing the Bureau of Prisons ("BOP") to turn over to the Clerk of Court funds held in Defendant's inmate trust account as payment towards the criminal restitution imposed in this case. Defendant opposes the government's motion. For the reasons that follow, the motion is granted.

**Background**

On August 22, 2018, Defendant pleaded guilty to one count of Distribution of Fentanyl Resulting in Death in violation of 21 U.S.C.§ 841(a)(1) and 841 (b)(1)(C). See ECF No. 38. On December 13, 2018, the Court sentenced Defendant to a total of 240 months imprisonment, and three years supervised release. ECF No. 56 at pg. 2-3. The Court also ordered Defendant to pay $4,718.04 in restitution and a special assessment of $100. Id. at 6. Defendant has paid over $550.00 towards the total balance of this debt. Defendant is currently incarcerated at the Federal Correctional Institution Texarkana in Texarkana, Texas. He is scheduled to be released from federal custody on March 31, 2034.

According to the government's memorandum in support of its motion, pursuant to Title II, Subtitle B, of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136 (2020), Defendant received a $1,400 tax credit from the Treasury Department, which was deposited in his inmate trust account maintained by the BOP.  At the request of the U.S. Attorney's Office, Defendant's inmate account has been encumbered against further transfer, withdrawal, or assignment.  The BOP encumbered funds totaling $1,832.00 in Defendant's inmate trust account. The government seeks entry of an order from this Court authorizing the BOP to turn over $1,400.00 in funds from Defendant's inmate trust account to the Clerk of the Court as payment towards Defendant's outstanding criminal monetary restitution and special assessment obligations.

## Discussion

The purpose of inmate trust accounts or commissary accounts is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545. A sentence, including criminal restitution, acts as a lien in favor of the United States on all property and rights to property of the person fined, including funds held by the BOP in inmate trust accounts. 18 U.S.C. § 3613(a) and (c) (government enforces restitution against all property and rights to property of the defendant); 18 U.S.C § 3664(m) (government may use all available and reasonable means to collect restitution).

The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, et seq., requires that resources received by a defendant from any source during his term of incarceration must be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. §3664(n) provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source,

2

including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. §3664(n). Under this authority, the government argues it is entitled to sum of money in Defendant's inmate trust account. Furthermore, because the property is a cash deposit, the government argues it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case, such as (1) wearing apparel and schoolbooks; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1). And in fact, Defendant has not made such argument.

Under 18 U.S.C. § 3664(k), Defendant was required to notify this Court and the Attorney General of any material change in his "economic circumstances" that might affect his ability to pay restitution. See 18 U.S.C. § 3664(k). The government maintains that the receipt of over $1,400.00 constitutes a material change in Defendant's "economic circumstances" that affects his ability to pay restitution under section 3664(k), however, Defendant neither notified this Court nor the U.S. Attorney's Office regarding these funds. "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." Id. According to the government, an order authorizing the turnover of Defendant's property is appropriate in this case. The United States submits that the requested relief is reasonable and appropriate because without

this relief, the BOP will be required to allow Defendant access to these funds, allowing him, or others, the opportunity to dissipate, conceal, or transfer the funds without first paying restitution.

Defendant admits he received a stimulus check but argues the government has no right to take away his money.  He also argues that if the government were allowed to seize these funds, he would have no money to purchase personal hygiene products. The government responds that it is only asking the Court to enter an order allowing $1,400.00 of the seized funds to be paid to the Clerk of Court; the remainder of which, approximately $432.30, should remain in his inmate trust account.  The Court agrees with the government's position.  The Court will grant the United States' motion and order $1,400.00 in funds be paid to the Clerk of Court. The remainder of the funds shall remain in Defendant's inmate trust account.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion to Authorize Payment from Inmate Trust Account is **GRANTED**.  The Bureau of Prisons is authorized to turn over to the Clerk of the Court $1,400.00 held in the inmate trust account of Defendant Jonathan Jamar Dickerson ("Dickerson"), Reg. No. 47472-044, as payment towards criminal restitution and the special assessment imposed in this case.  The remainder of the funds shall remain in Defendant's inmate trust account.  [ECF No. 72]

.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this __3rd__ day of August, 2021.